ANTONIO CANTRES-RODRÍGUEZ, Petitioner and Appellant, v. MUNICIPALITY OF RÍO GRANDE, represented by its Mayor, BONIFACIO RODRÍGUEZ-BAUZÓ, and the MUNICIPAL ASSEMBLY OF RÍO GRANDE, composed of FEDERICO SANTIAGO, FÉLIX REXACH, ANTONIO MÉNDEZ, PASCUAL ORELLANO, CARLOS FALÚ, JOSÉ GONZÁLEZ and PEDRO MONGE, Defendants and Appellees.

No. 3668. Argued December 9, 1925.—Decided December 22, 1925.

MUNICIPALITIES—CERTIORARI—PARTIES.—A person appointed as municipal secretary under Act No. 11 of 1924 can not maintain certiorari proceedings to review proceedings relating to his resignation and the appointment of another person to that office when the petition is directed against the municipality and its assembly instead of against the mayor.

Second District Court of San Juan, M. Rodríguez Serra, J.   Ruling denying writ of certiorari.   *Affirmed.*

*Luis S. Vahamonde* for the appellant.   *Angel Rodríguez Escobar* and *Jacinto Texidor* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is a petition for a writ of certiorari directed against the Municipality of Río Grande and the municipal assembly to review certain proceedings that relate to the resignation of the petitioner as municipal secretary and the appointment of Antonio Paz Ruiz to that office.

The lower court, perhaps having doubts in regard to granting the writ, called a preliminary appearance for hearing the parties on whether or not the writ should be issued. There was opposition by the defendants and the court dismissed the petition, whereupon this appeal was taken. It would suffice to say in this case that the petitioner's brief does not comply with the Rules of this court. No assignment of errors is made. The jurisprudence on that point is repeated. For another reason also the remedy is unavailing. The petition is not properly directed. It is brought against the municipality as an entity and against the municipal assembly. The case of *Rodríguez v. Municipality of Guánica,* 31 P.R.R. 469, cited by the petitioner, is not applicable.

That decision is based on a different legal situation, or when the municipal assemblies were invested with the power of appointing the council of administration. See section 28 of Act No. 85 of July 31, 1919 (p. 700). That Act was amended and the power to appoint the executive officers passed to the mayor, as provided by sections 28 and 29 of Act No. 11 of June 3, 1924 (p. 83). The appointment of the petitioner was made under that Act and the mayor is the party who should have been made defendant.

The judgment appealed from should be affirmed.

Mr. Justice Wolf took no part in the decision of this case.